**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

NOV 29 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   18-50023 |
| Plaintiff-Appellee, | D.C. No. 2:17-cr-00362-AB-1 |
| v. | |
| SAMUEL TRULY FLEMING, AKA Sam Trully Fleming, AKA Sam Truly Fleming, AKA Sam Truly Fleminy, AKA Sam Flemming, AKA Thomas Whittaker, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Andre Birotte, Jr., District Judge, Presiding

Argued and Submitted November 7, 2019
Pasadena, California

Before: MURGUIA and HURWITZ, Circuit Judges, and ZOUHARY,[**] District Judge.

Samuel Fleming was found guilty of possession with intent to distribute

cocaine base in violation of 21 U.S.C. § 841.  He appeals the denial of his motion

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable Jack Zouhary, United States District Judge for the Northern District of Ohio, sitting by designation.

to suppress the evidence that he possessed the controlled substance, which was found in a search of his home.  He also challenges several conditions of supervised release imposed as part of his sentence.  We conclude that the search was lawful, but the supervised-release conditions are not.  Accordingly, we affirm the conviction, but remand for modification of the conditions.

We review the denial of a motion to suppress *de novo*, and factual findings for clear error.  *United States v. Lustig*, 830 F.3d 1075, 1079 (9th Cir. 2016).  Although we generally review supervised-release conditions for abuse of discretion, we review *de novo* whether such conditions violate the Constitution.  *United States v. Evans*, 883 F.3d 1154, 1159–60 (9th Cir. 2018).  We have jurisdiction over Fleming's appeal under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291.

We reject Fleming's argument that the search of his apartment was illegal because the condition of his probation authorizing suspicionless searches of his "person and property" did not authorize a search of his residential property.[1]  "The meaning of such a California term of probation is a question of state law."  *United*

---

[1] Fleming's probation condition is set forth in the minute order of his April 2016 probation and sentencing hearing.  It states, in relevant part:  "Submit your *person and property* to search and seizure at any time of the day or night, by any probation officer or other peace officer, with or without a warrant, probable cause or reasonable suspicion."  Fleming assented to the condition verbally at the hearing and later by signing a copy of the minute order.

*States v. King*, 736 F.3d 805, 807 n.3 (9th Cir. 2013) (emphasis removed). We therefore look to California law to ascertain the meaning of Fleming's search condition. In *People v. Bravo*, the California Supreme Court articulated a controlling test for determining the meaning and scope of a California term of probation:

> Law enforcement officers who rely on search conditions in probation orders, the probationer himself, and other judges who may be called upon to determine the lawfulness of a search, must be able to determine the scope of the condition by reference to the probation order. *We cannot expect police officers and probation agents who undertake searches pursuant to a search condition of a probation agreement to do more than give the condition the meaning that would appear to a reasonable, objective reader.* They can neither inquire into the subjective understanding of the probationer, nor analyze the condition in light of legal precedent drawing fine points based on minor differences in the wording of search conditions in other probation orders. *The search condition must therefore be interpreted on the basis of what a reasonable person would understand from the language of the condition itself, not on the basis of appellant's subjective understanding, or under a strict test in which a presumption against waiver is applied.*

738 P.2d 336, 339–40 (Cal. 1987) (in bank) (emphases added). In short, the California Supreme Court applies an objective, reasonable reader test. Applying that objective test to an identically worded condition, *Bravo* held that such a "condition of appellant's probation . . . justified the search of his home." *Id.* at 343. We therefore conclude that the search of Fleming's apartment was authorized by the search condition of his probation, as a reasonable reader of the term "person

3

and property" would interpret the word "property" to encompass both personal and real property.

With the meaning and scope of the condition resolved, and because we may affirm on any basis supported by the record, *United States v. Pope*, 686 F.3d 1078, 1080 (9th Cir. 2012), we affirm the denial of Fleming's motion to suppress on the basis that the searching officers had reasonable suspicion to search Fleming's home. A warrantless search of a probationer's apartment, supported by reasonable suspicion, and authorized by a search condition of his probation, is reasonable within the meaning of the Fourth Amendment. *United States v. Knights*, 534 U.S. 112, 122 (2001). The officers here searched Fleming's home only after observing him engage in what appeared to be a drug transaction in an area of Los Angeles known for illegal drug activity, recognizing him as someone with a criminal history of drug offenses, and recovering several thousand dollars in bundled cash from his vehicle. These facts satisfy the reasonable suspicion standard.[2]

As to Fleming's conditions of supervised release, we held in *United States v. Evans* that certain of the conditions are unconstitutionally vague. 883 F.3d at 1162–64. Accordingly, we vacate conditions five, six, and fourteen, and remand to

---

[2] Reasonable suspicion is "not a particularly high threshold to reach," and is defined as "a particularized and objective basis for suspecting the particular person" of criminal activity. *United States v. Valdes-Vega*, 738 F.3d 1074, 1078 (9th Cir. 2013) (en banc) (second quoting *United States v. Cotterman*, 709 F.3d 952, 968 (9th Cir. 2013) (en banc)).

the district court with instructions to impose whatever alternative conditions it deems appropriate in light of *Evans*.

**AFFIRMED in part, VACATED in part, and REMANDED.**